# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PAGNI GROUP LLC,<br><br>   Plaintiff,<br><br>vs.<br><br>ANTHONY TRUJILLO, et al,<br><br>   Defendants. | CASE NO. 13cv1321-MMA (RBB)<br><br>**ORDER** *SUA SPONTE* **REMANDING ACTION TO STATE COURT** |

On March 5, 2013, Plaintiff The Pagni Group LLC filed a verified complaint for unlawful detainer against Defendants Anthony Trujillo, et al., in San Diego County Superior Court. *See* Notice of Removal, Doc. No. 1-1. On June 7, 2013, Defendant Anthony Trujillo, proceeding *pro se*, removed the action to this Court. *Id*. For the reasons set forth below, the Court *sua sponte* **REMANDS** this action to state court.

### DISCUSSION

A suit filed in state court may be removed to federal court by the defendant or defendants if the federal court would have had original subject matter jurisdiction over that suit. 28 U.S.C. § 1441(a); *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977). The existence of federal jurisdiction must be determined on the face of the plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A "cause of action arises under federal law only when the plaintiff's well pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v.*

*Taylor*, 481 U.S. 58, 63 (1987).  A well pleaded complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28  (1983). The Court may remand *sua sponte* or on motion of a party, and the party who invoked the federal court's removal jurisdiction has the burden of establishing federal jurisdiction.  *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988), citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).  The removal statute is strictly construed against removal jurisdiction and any doubt is resolved in favor of remand.  *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

      Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332.  Trujillo alleges federal question jurisdiction pursuant to the Emergency Economic Stabilization Act of 2008,12 U.S.C. 5201, *et seq.*, a federal statute, and the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.  *See* Notice of Removal.  However, the Court *sua sponte* must consider whether jurisdiction actually exists.  *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (observing that a court is required to consider *sua sponte* whether it has subject matter jurisdiction).

      Here, federal question jurisdiction is absent because no "federal question is presented on the face of plaintiff's properly pleaded complaint."  *Caterpillar*, 482 U.S. at 392.  Plaintiff's complaint asserts a single claim for unlawful detainer, a cause of action that is purely a matter of state law.  *See Fannie Mae v. Suarez*, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D. Cal. July 27, 2011) ("Unlawful detainer actions are strictly within the province of state court"); *Deutsche Bank Nat'l Trust Co v.*

1 *Leonardo*, 2011 U.S. Dist. LEXIS 83854, at *2 (C.D. Cal. Aug. 1, 2011) ("the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law").  Thus, although Trujillo asserts this action implicates, *inter alia*, a provision of the Emergency Economic Stabilization Act, 12 U.S.C. § 5220, the face of Plaintiff's complaint makes clear that no basis for federal question jurisdiction exists.  Furthermore, Trujillo's purported federal "claims" are actually potential counterclaims against Plaintiff.  However, counterclaims are not considered in evaluating whether a federal question appears on the face of a plaintiff's complaint.  *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim").

In addition, diversity jurisdiction is absent.  For a federal court to exercise diversity jurisdiction, the amount in controversy requirement must be met.  *See* 28 U.S.C. § 1332(a).  Plaintiff's complaint clearly demonstrates that the amount in controversy does not exceed $75,000, exclusive of attorneys fees and costs, as Plaintiff seeks limited civil damages totaling less than $10,000.  In addition, the parties are both citizens of the state of California.  Thus, diversity jurisdiction is lacking.

## CONCLUSION

Based on the foregoing, the Court lacks subject matter jurisdiction over this matter and therefore **REMANDS** the case to state court.

**IT IS SO ORDERED**.

DATED: June 7, 2013

*[signature]*

Hon. Michael M. Anello
United States District Judge